Vreeland *v.* Vreeland.

J. PIERSON VREELAND et al., appellants,

*v.*

J. BEACH VREELAND et al., respondents.

1. The bill is filed for partition of lands of which Cornelius D. Vreeland died seized, and also to set aside certain deeds for said lands alleged to have been delivered by Cornelius, in his lifetime, to J. Pierson Vreeland, one of his sons. After the death of Cornelius, the said J. Pierson Vreeland put upon record the deeds made to himself, and also delivered to other heirs at law of Cornelius the deeds made to them and the executed releases to Pierson.—*Held,* that the bill is not multifarious.

2. The general rule is, that if title to land is disputed, the right must be established at law, and the bill may be retained until it is settled.

3. In this case there is sufficient reason why equity should retain its jurisdiction. The *status* was changed after the death of Cornelius, by the delivery to the complainants of the deeds to them and by the releases executed to Pierson The title to Pierson should not be set aside, except upon equitable terms, which will require a reconveyance by the complainants. Full and adequate relief can be had only in a court of equity. The complainants were also entitled to discovery, the facts being within the knowledge of Pierson.

4. The decree below, so far as it adjudges that the deed to Pierson for lands in Missouri is without legal force for want of delivery, is not erroneous. While the decree of the court of chancery cannot change or affect the title to lands in Missouri, it had jurisdiction of the person of Pierson and can render its decree effective by compelling him to execute a deed for lands in another state. The decree appealed from directs that either of the parties may apply to the court of chancery for further aid, as occasion may require.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Vreeland* v. *Vreeland, 3 Dick. Ch. Rep. 56.*

*Messrs. Francis Scott, John W. Griggs* and *George S. Hill*, for the appellants.

*Messrs. Barkalow, Pennington & Beam* and *Joseph D. Bedle* for the respondents.

The opinion of the court was delivered by

VAN SYCKEL, J.

The facts in this case are fully and clearly recited in the opinion of the learned vice-chancellor, reported in *3 Dick. Ch. Rep. 56.* The important question in the cause, as stated in the opinion below, is whether Cornelius D. Vreeland, at the time of his death, was the owner of the lands involved in this controversy. The complainants, who are the respondents here, say that he was, and that the lands, on his death, descended to the appellants and themselves, in equal shares, while the appellants say that he was not, but that the fact is that more than two years prior to his death he made effectual conveyances of all his lands. These contradictory assertions present the controlling issue of the case.

It is not disputed that Mr. Vreeland signed and acknowledged deeds for all his lands some years before his death, but the fact in contest is, whether these deeds were ever delivered so as to give them legal life?

That the deeds were not delivered by the decedent in his lifetime to Pierson Vreeland in such a way as to make them effectual to pass the title to these lands, is conclusively shown by the able and exhaustive review of the testimony in the vice-chancellor's opinion. I fully concur in that result. The answer of Pierson Vreeland was called for in the bill of complaint, under oath, and although in his answer, under oath, he sets up that the

deeds were duly delivered, his own testimony is inconsistent with his answer.

I also concur in the view of the court below that the acceptance by two of the complainants, after the death of their father, of the deeds made to them, and the release by Pierson of any right in those lands, will not bar them of the relief sought in this case.

Pierson occupied a position of advantage. The facts and circumstances connected with the execution of these deeds, and the declarations made by the decedent, were within his knowledge alone. Although the complainants state in their bill that they were of opinion and were advised that these deeds were inoperative and void, I am satisfied by the evidence of both the complainants and of Pierson, that at the time these deeds were accepted by the complainants they did not know of the infirmity in Pierson's title to the lands which he claimed.

Mrs. Gould received her deeds from Pierson in August, 1890. Beach received his deeds from Pierson on the 26th day of July, 1890.

Previous to that, on the 23d day of July, 1890, Pierson had put his deeds on record. He is chargeable with the knowledge that he had no right to do so; he knew that the deeds were not delivered to him by his father in his lifetime, so as to pass the title to him. This was a fraudulent act on his part, which gave him an undue advantage in his dealing with the complainants and placed them under constraint to accept the deeds to them. If Pierson had proved successful in this controversy he would have a much larger share of decedent's estate than either of the complainants. He should not be permitted to profit by his misconduct.

The complainants offer in their bill to surrender their deeds, or, if they retain them, that they shall be charged in the division with the fair value of the lands thereby conveyed to them. This will remove any obstacle to a just distribution of the estate.

The complainants' bill is filed to set aside the deeds to Pierson which he has put on record, and also for partition of the

lands of which the father died seized, assuming all the deeds to be inoperative.

The question arises whether the bill is· multifarious, and should, for that reason, be dismissed, and whether the title to these lands must not be settled at law in an action of ejectment before partition' can be had. .

In *Manners* v. *Manners, 1 Gr. Ch. 384,* the chancellor said that equity was not the proper form, nor is a bill for partition the proper action, for trying the legal title to lands.

In that case the bill was retained until the complainants could obtain a decision at law upon their title.

The general rule, that if title to lands is disputed, the right must be established at law and the bill retained until it is settled, is supported by *Palmer* v. *Casperson, 2 C. E. Gr. 204; De Witt* v. *Ackerman, 2 C. E. Gr. 215; Hay* v. *Estell, 3 C. E. Gr. 251; Riverview Cemetery* v. *Turner, 9 C. E. Gr. 18; Hoyt* v. *Tuers, 8 Stew. Eq. 360.*

In *Read* v. *Huff, 13 Stew. Eq. 229,* which was a suit for partition in chancery, this court held, that where a defendant sets up an equitable title to the whole estate in the premises, or impeaches the complainant's title on equitable grounds, the court will not suspend the suit until the title be settled, but will pass upon such title and settle all disputes concerning it in the partition suit and grant relief accordingly. .

In the case under review there are circumstances which entitle the complainants to invoke the interposition of a court of equity. They had a right to discovery from the defendant, Pierson Vreeland, in respect to the facts and circumstances connected with the alleged execution and delivery of the deeds. Although the court of chancery in this state has not adopted the principle, that because its jurisdiction has once rightfully attached it will retain the cause as a matter of right for the purposes of complete relief, yet, if there is manifest propriety in retaining it in order that adequate relief may be given, the party complainant will not be remitted to another forum. *Little* v. *Cooper, 2 Stock. 273.*

In this case there is sufficient reason why equity should retain its jurisdiction. The *status* has been changed since the death of

Cornelius Vreeland by the delivery to the complainants of the deeds made to them and by the release executed to Pierson. The title of Pierson should not be set aside except upon equitable terms, which will require a reconveyance by the complainants, so that all the lands of which Cornelius Vreeland died seized may be partitioned. To these terms the complainants have offered to submit, and it is the peculiar province of a court of equity to enforce them.

Full and adequate relief can be had only in a court of equity.

It is also insisted that the decree appealed from is erroneous, in so far as it adjudges that the deed to Pierson Vreeland for lands in the State of Missouri is inoperative and without legal force for want of delivery.

It must be conceded that the courts of one state or country are without jurisdiction over title to lands in another state or country. The decree of this court cannot change or affect the title to Missouri lands, but where this court acquires jurisdiction of the person, it can compel the defendant to execute a conveyance which will be effective to pass the title. *Lindley* v. *O'Reilly*, *21 Vr. 636*.

By the decree appealed from it is directed that either of the parties shall be at liberty to apply to the court of chancery for further aid and direction, as occasion may require.

The chancellor may, therefore, render his decree effective by constraining Pierson Vreeland to execute a conveyance for the Missouri lands.

The decree of the chancellor should, in my opinion, be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, MAGIE, REED, SCUDDER, VAN SYCKEL, BOGERT, BROWN, SMITH, WHITAKER —10.

*For reversal*—None.